UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv416
(3:04cr295-RJC-3)

| | | |
|---|---|---|
| MICHAEL McRAE, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), filed on October 2, 2007. Also before the Court are Petitioner's motions for appointed counsel (Doc. No. 2), and to proceed in forma pauperis (Doc. No. 3). For the reasons stated below, Petitioner's Motion to Vacate will be dismissed and the other motions will be denied as moot.

I.    PROCEDURAL HISTORY

Petitioner was indicted on November 15, 2004, for conspiracy to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and possession with intent to deliver at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count Six). (Case No. 3:04cr295, Doc. No. 1: Indictment). On December 1, 2004, the Government filed an information detailing Petitioner's two prior felony drug offenses, pursuant to 21 U.S.C. § 851. (Case No. 3:04cr295, Doc. No. 16).

On May 12, 2005, Petitioner filed a Plea Agreement in which he agreed to plead guilty to Count One and stated that he was aware the mandatory minimum sentence was life

1

imprisonment. (Case No. 3:04cr295, Doc. No. 40: Plea Agreement at ¶¶ 1, 4). During a Plea and Rule 11 hearing on May 27, 2005, a magistrate judge questioned Petitioner at length to ensure that his guilty plea was being intelligently and voluntarily tendered. The magistrate judge informed Petitioner that he would receive a mandatory life sentence as a result of his plea, and Petitioner acknowledged under oath that he understood. (Case No. 3:04cr295, Doc. No. 97: Tr. at 4-5). Petitioner admitted he was guilty of the charge in Count One. (Id. at 10). The Government summarized the essential terms of the Plea Agreement, including its appeal and collateral review waivers. (Id. at 12). Petitioner's counsel stated Petitioner was "looking at life imprisonment," but hoped that cooperation with the Government would avoid that sentence. (Id. at 14).

Petitioner affirmed that the understood the terms of the Plea Agreement and that he had enough time to discuss the agreement with his attorney. (Id. at 15, 17). Petitioner denied being threatened or forced to sign the agreement, and indicated that no one had made promises of leniency to him and that he was satisfied with the services of his attorney. (Id. at 17). The magistrate judge found that Petitioner's guilty plea was knowingly and freely made and accepted his plea. (Case No. 3:04cr295, Doc. No. 43: Entry and Acceptance of Guilty Plea).

After extensive discussion of the life sentence at the sentencing hearing on May 22, 2006, Petitioner affirmed the truth of the statements he had made during the Rule 11 hearing. (Case No. 3:04cr295, Doc. No. 98: Tr. at 10-11). Accordingly, this Court imposed life imprisonment in compliance with the statutory mandatory minimum. (Case No. 3:04cr295, Doc. No. 91: Judgment). Petitioner timely filed Notices of Appeal (Case No. 3:04cr295, Doc. 85, 87), and counsel for Petitioner filed an Anders[1] brief alleging that Petitioner's sentence was unduly harsh.

---

[1] Anders v. California, 386 U.S. 738 (1967).

Petitioner also filed a pro se supplemental brief claiming the Government should have moved for a downward departure of the mandatory minimum sentence, but refused to do so. The Fourth Circuit affirmed the sentence on January 17, 2007, after reviewing the entire record for meritorious issues, and concluded that the life sentence imposed upon Petitioner was required by statute with no permissible basis upon which to depart. (Case No. 3:04cr295, Doc. No. 108: Opinion at 2-3). On October 2, 2007, Petitioner filed the instant Motion to Vacate alleging that his attorney was ineffective for failing to tell him about the life sentence and for allowing the sentence to be enhanced under 21 U.S.C. § 851. (Doc. No. 1: Motion at 4; Brief at 2).

II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

A.  Ineffective Assistance of Counsel Claim

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a

3

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal citations and quotations omitted).

In evaluating post-guilty plea claims of ineffective assistance, a petitioner's statements under oath expressing satisfaction with counsel are binding absent "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Moreover, statements made during Rule 11 proceedings constitute strong evidence that a plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

1. Informed of Life Sentence

Petitioner alleges that his counsel was ineffective "for allowing [petitioner] to plea out, without telling him, he would be enhanced to life, from 10 years, due to his priors." (Doc. No. 1: Motion at 4; Brief at 2). As detailed above, this accusation is flatly contradicted by the record. Throughout the proceedings, Petitioner was repeatedly informed that he faced a mandatory life sentence. (Case No. 3:04cr295, Doc. No. 13: Order of Detention; Doc. No. 96: Bond Review Hearing Tr. at 2; Doc. No. 40: Plea Agreement at ¶ 4; Doc. No. 97: Rule 11 Hearing Tr. at 4-5; Doc. No. 98: Sentencing Hearing Tr. at 3). It is also clear from the record that counsel discussed this issue with Petitioner prior to entry of his plea. (Case No. 3:04cr295, Doc. No. 97: Tr. at 14). Additionally, Petitioner has not claimed that he would have gone to trial but for counsel's allegedly deficient performance. Therefore, it plainly appears that Petitioner is not entitled to relief on this claim.

2. No Error in Enhancement

Next, Petitioner claims that his counsel was ineffective for failing to challenge the prior convictions used to enhance his sentence. (Doc. No. 1: Motion at 4; Brief at 2-3). As detailed

4

above, the Fourth Circuit reviewed Petitioner's sentence for any meritorious issues and found that the mandatory life sentence lawfully imposed. (Case No. 3:04cr295, Doc. No. 108: Opinion at 2-3). It follows that counsel's failure to challenge the prior convictions was not constitutionally deficient.

Specifically, the first predicate was a 1996 conviction in North Carolina state court for possession of cocaine. (Case No. 3:04cr295, Doc. No. 16: Information at ¶ 1). According to the Presentence Report (PSR), a two-year sentence was imposed upon revocation of his probation. (Case No. 3:04cr295, Doc. No. 101 at ¶ 39). Petitioner argues without any supporting evidence that the offense was a misdemeanor and that a two-year sentence was not imposed. (Doc. No. 1: Brief at 3). Even if a lesser sentence had been imposed, the conviction for the 1991 offense would nevertheless qualify as "a felony drug offense" because it could have been punished by imprisonment for more than one year. United States v. Campos, 163 Fed. Appx. 232, 234 (4th Cir. 2006) (actual sentence imposed is immaterial); 21 U.S.C. § 802(44) (defining a felony drug offense); N.C.G.S. § 90-95(d)(2) (1991) (classifying possession of certain controlled substances as misdemeanors punishable by two years' imprisonment, but possession of cocaine as Class I felony) N.C.G.S. § 15A-1340.4(f)(7) (1991) (presumptive sentence for Class I felony is two years' imprisonment). Thus, the first predicate conviction resulted from an offense punishable by more than one year imprisonment and was properly used to enhance Petitioner's sentence.

Similarly, Petitioner contends that the second predicate, a 2002 offense of sale/delivery of a schedule II controlled substance, does not qualify because the PSR lists a 12-15 month sentence without stating whether it was a misdemeanor or felony. (Doc. No. 1: Brief at 3). The defendant states without evidentiary support that only a one-year sentence was imposed. (Doc. No. 1: Brief

5

at 3). Again, the length of the actual sentence imposed and the classification of the offense are immaterial. Because the offense was punishable by more than one years' imprisonment, Petitioner's sentence was properly enhanced. N.C.G.S. § 90-95(b)(1) (2002) (offense at least a Class H felony); N.C. Gen. Stat. § 15A-1340.17(c), (d) (2002) (Class H felony maximum punishment greater than one year). Accordingly, counsel was not ineffective for failing to challenge the predicate convictions used to enhance Petitioner's sentence.

III. CONCLUSION

The Court's initial review of Petitioner's Motion to Vacate and the relevant record evidence plainly shows that he is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED**; and his motions for appointed counsel (Doc. No. 2), and to proceed in forma pauperis (Doc. No. 3) are **DENIED** as moot.

Signed: November 13, 2007

Robert J. Conrad, Jr.
Chief United States District Judge