IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-580
(3:04-cr-295)

| | |
|---|---|
| MICHAEL McRAE, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |

**THIS MATTER** is before the Court upon the defendant's Motion under 28 U.S.C. § 2255 to Vacate his sentence. (Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed.

**I. BACKGROUND**

On May 22, 2006, the Court sentenced Petitioner to imprisonment for life for conspiracy to possess with intent to distribute cocaine base. (Case No. 3:04-cr-295, Doc. No. 91: Judgment at 1-2). The Court dismissed the defendant's subsequent Motion to Vacate under § 2255 on November 14, 2007. (Case No. 3:07-cv-416, Doc. No. 5: Order). The defendant filed in the instant motion on October 13, 2013, claiming that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and its progeny entitle him to a lesser sentence. (Doc. No. 1: Motion at 5).

**II. STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

1

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that the defendant first secured the necessary authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a

petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge